```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                             :
                                   :     06-md-01782-JF
PHARMACY BENEFIT MANAGERS          :
ANTITRUST LITIGATION               :
_____:

BELLEVUE DRUG CO, et al.           :     CIVIL ACTION
                                   :
          v.                       :
                                   :
ADVANCE PCS                        :     NO. 03-cv-04731-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                    December 18, 2006

      This purported class action charging the defendant with having violated the antitrust laws was filed on August 15, 2003. The judge originally assigned to the action, my colleague Judge Robreno, entered an Order staying the action pending submission to an arbitrator, as contemplated in the "Provider Agreement" which some of the plaintiffs had entered into with the defendant. Judge Robreno later denied a motion for reconsideration of that ruling.  Plaintiffs then filed a motion asking that the stay be lifted so that they could voluntarily dismiss the action, and thus gain the ability to appeal Judge Robreno's rulings to the Third Circuit Court of Appeals.

      At that point, the Judicial Panel on Multidistrict Litigation entered an Order transferring this case, along with five other cases from around the country, to the undersigned pursuant to 28 U.S.C. § 1407.  In the Opinion accompanying the

Transfer Order, the panel opined that "centralizing these actions is desirable in order to avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings (especially on the issue of class certification), and conserve the resources of the parties, their counsel and the Judiciary."  In re Pharmacy Benefit Managers Antitrust Litigation, Dkt. No. 1782 (Aug. 24, 2006).  I am therefore required to address the plaintiff's motion in captioned case.

As a general proposition, a transferee judge under the Multidistrict statute may vacate or modify any order of a transferor court bearing upon pretrial matters.  See, e.g., In re Upjohn Co. Antibiotic Cleocin Products Liability Litigation, 664 F.2d 114 (6th Cir. 1981).  See generally Manual for Complex Litigation, Fourth, § 20.132.  Indeed, it is clear that the transferee judge may enter orders which have the effect of terminating the action, for example by granting a motion to dismiss, or by approving a settlement.  Thus, it is clear that, since plaintiffs have expressed a desire to terminate this lawsuit rather than submit to arbitration, it is undoubtedly within the authority of the undersigned, as a transferee judge, to grant the pending motions, notwithstanding "law of the case" principles.  The real issue, as I see it, is whether the course proposed by plaintiffs would be consistent with the efficient pretrial management of this case, pursuant to the mandate of the

Judicial Panel on Multidistrict Litigation.  I conclude that it would not.

Judge Robreno's Orders compelling arbitration were clearly appropriate under the Federal Arbitration Act and the Congressional policies reflected in that statute.  It is particularly noteworthy that Judge Robreno did not actually decide that the issues involved in the present case were arbitrable, or even whether the arbitration agreement relied upon was enforceable; he merely, in accordance with the general policy of favoring arbitration, required that all such issues be submitted initially to the arbitrator for decision.  But in view of the later action of the Multidistrict Panel (which clearly assumed that the stay or proceedings did not preclude coordinated pretrial proceedings), I conclude that this court may now diverge from Judge Robreno's Orders to the limited extent of considering whether any useful purpose would be served in submitting all preliminary determinations to the arbitrator.  For the reasons which follow, I believe that, as a matter of law, the arbitrator would be bound to determine that the arbitration agreement relied upon is unenforceable, at least as to the antitrust issues raised in this litigation.

In the first place, the arbitration clause is buried on page seven of a twelve-page Agreement in extremely small print (by actual measurement, approximately 1/20th of an inch).  There is strong reason to conclude that this is a contract of adhesion.

3

But of greater importance, the Arbitration Agreement itself specifically provides: "The arbitrator must follow the rule of law, and may only award remedies provided in this Agreement."  In other words, the arbitrator is precluded from considering the antitrust claims asserted by plaintiff in this litigation.

I therefore have no difficulty in concluding either that the parties never intended this type of dispute to be submitted to arbitration, or that the Arbitration Agreement is unenforceable because it violates public policy.

For all of these reasons, I conclude that the task assigned to me as transferee judge can best be performed by expediting the decision which, I believe, would necessarily have been reached by the arbitrator with respect to the procedural aspects of this litigation.

The stay previously entered will therefore be dissolved.  Plaintiff's motion to dismiss will be dismissed as moot.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | 06-md-01782-JF |
| PHARMACY BENEFIT MANAGERS | : | |
| ANTITRUST LITIGATION | : | |

| | | |
|---|---|---|
| BELLEVUE DRUG CO, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ADVANCE PCS | : | NO. 03-cv-04731-JF |

ORDER

AND NOW, this 18th day of December 2006, IT IS ORDERED:

1. That the Order of August 20, 2004 ordering arbitration and entering a stay of proceedings pending arbitration, is VACATED.

2. Plaintiff's motion to dismiss this action is DISMISSED, without prejudice, as MOOT.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.